UNITED STATES of America, Appellee,

v.

Ricardo MELENDEZ, Geraldo Vega, Manuel Concepcion, Juan Rivera, Fernando Alvarez, Arturo Cordoza, Kenneth Colon, Javier Rivera, Victor Jiminez, Mariano Degracia, Robert Ortiz, Oscar Rosa, Victor Spaventa, Warren Nadel, Trent Daley, Felix Oyole, Adam Pomales, Israel Ortiz, Nelson Frias, Vincent Hernandez, Vincent Lopez, Roberto Aponte, Ricardo Alvarez, Eduardo Hamilton, Nelia Lopez, Edwin Maldonado, Julia Serrano, Julia Rivera, Anthony Guzman, Wilfredo Gonzalez, James Ruperto, Marc Ramirez, Ricardo Rodriguez, Edgar Rivera, Anibal Irizarri, Armando Velasquez, Ralph Boyce, Hector Hernandez, Ricardo Ortiz, Defendants,

David Olmeda, Defendant–Appellant.

No. 625, Docket 92–1199.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 8, 1993.

Decided June 23, 1993.

David Olmeda, pro se.

Peter Norling, Asst. U.S. Atty., Brooklyn, NY (Andrew Maloney, U.S. Atty., E.D.N.Y., Edward A. Rial, Asst. U.S. Atty., Brooklyn, NY, of counsel), for appellee.

Before: KEARSE and WINTER, Circuit Judges, and CONNER, District Judge.*

PER CURIAM:

David Olmeda, *pro se*, appeals from the denial of his motion to correct or reduce his sentence pursuant to Fed.R.Crim.P. 35. Because appellant may have been improperly sentenced to a term of supervised release, we vacate the sentence and remand for clarification and, if appropriate, resentencing.

From 1985 until October 1987, appellant was part of a large-scale drug conspiracy based in Brooklyn, New York. The parties have informed us that on August 16, 1990, appellant entered a guilty plea to Count One of a Superseding Information, which charged a conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846. However, the resultant judgment stated that appellant was convicted of both a Section 846 conspiracy charge and a charge of possession of narcotics with the intent to distribute them in violation of 21 U.S.C. § 841 (1988). Similarly, during the sentencing hearing and in his decision on the Rule 35 motion, Judge Spatt declared that appellant was guilty of conspiracy to possess, and of possession, with the intent to distribute heroin and cocaine. Appellant was sentenced to ten years imprisonment and four years of supervised release pursuant to 21 U.S.C. § 841(b)(1)(B). Pursuant to Fed.R.Crim.P. 35, appellant sought to have this sentence reduced and his supervised release amended to three years of spe-

* The Hon. William C. Conner, United States District Judge for the Southern District of New York, sitting by designation.

cial parole. Judge Spatt denied appellant's motion.

On appeal, however, both appellant and the government are in agreement that he pled guilty only to a charge of conspiracy under 21 U.S.C. § 846 to distribute heroin and cocaine and that the provision of the sentence for supervised release was improper, although neither states that the judgment was in error. Assuming the judgment was in error, the sentencing error resulted from the following anomaly: For conduct occurring before November 15, 1988, a person convicted of narcotics conspiracy under Section 846 could not be sentenced under Section 841(b)(1)(B) to a term of supervised release, while one convicted of the corresponding substantive offense under Section 841 could. *See Bifulco v. United States,* 447 U.S. 381, 390, 100 S.Ct. 2247, 2253, 65 L.Ed.2d 205 (1980); *United States v. Cardenas,* 917 F.2d 683, 687–88 (2d Cir.1990). This anomaly was corrected on November 18, 1988, when supervised release was authorized for both the substantive and conspiracy offenses. Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, 102 Stat. 4377. However, appellant's crimes predate this amendment.

We therefore vacate the sentence and remand for clarification as to the nature of appellant's plea and, if appropriate, resentencing.